John Gregory LAMBROS, Plaintiff,

v.

Kathy HAWK, Defendant.

No. 95–3035–RDR.

United States District Court,
D. Kansas.

Feb. 11, 1998.

John Gregory Lambros, Leavenworth, KS, pro se.

Connie R. Calvert, Office of U.S. Atty., Wichita, KS, for Defendant.

### ORDER

ROGERS, Senior District Judge.

Plaintiff, a prisoner confined in United States Penitentiary in Leavenworth, Kansas, proceeds pro se and in forma pauperis in this action to seek a declaratory judgment that his constitutional rights have been violated by the Bureau of Prisons (BOP). The sole defendant in this action is Kathleen Hawk, who is named in her official capacity as the Director of BOP.

Before the court is defendant's motion for summary judgment (Doc. 11). Summary judgment is to be granted if the court finds the moving party is entitled to judgment as a matter of law on the undisputed material facts. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985).

Plaintiff is serving a life sentence imposed by the District of Minnesota upon plaintiff's conviction on federal drug charges. An arrest warrant on these charges was issued in 1989, while plaintiff was under supervision of the United States Parole Commission (USPC). Plaintiff avoided arrest by fleeing to Brazil. USPC issued a parole violator warrant which is currently lodged as a detainer against plaintiff. Plaintiff was arrested in Brazil in May 1991, and then

extradited to the United States and the custody of the United States Marshal Service in June 1992.[1]

Plaintiff first alleges the conditions of his confinement in Brazilian jails and prison violated the eighth amendment. Plaintiff argues that because his arrest and confinement in Brazil were pursuant to a United States warrant, he was entitled to the protections afforded under the United States Constitution. The court finds no merit to plaintiff's eighth amendment claim.

The record clearly documents that petitioner was not received into United States custody until his extradition in June 1992. Moreover, the District of Minnesota fully examined and rejected plaintiff's allegations of torture and mistreatment during his confinement in Brazil while he contested his extradition to the United States, and the Eighth Circuit Court of Appeals affirmed that decision. *See United States v. Lambros,* 65 F.3d 698, 701 (8th Cir.1995) (persuasive evidence in record that no torture with American complicity occurred in Brazil; district court examined issue and found defendant was not mistreated in Brazil, and that no mind control probes had been surgically implanted in defendant's brain).

Plaintiff next seeks a declaratory judgment that his constitutional right of access to the courts extends to having access to English translations of Brazilian law in order to research and challenge plaintiff's arrest and extradition. The court is not so persuaded.

It is well recognized that prisoners have a constitutional right to adequate, effective, and meaningful access to the court to challenge violations of constitutional rights. *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). In *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996), however, the United States Supreme Court recently clarified that standing to raise such a claim required the prisoner to demonstrate actual injury.

A prisoner "cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* Rather, the prisoner "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.; see also Treff v. Galetka,* 74 F.3d 191, 194 (10th Cir.1996) (requiring prisoner to "show that any denial or delay of access to the court prejudiced him in pursuing litigation"). Interference with a non-frivolous claim is required. *Lewis v. Casey,* 116 S.Ct. at 2180–81. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 2181. *See Penrod v. Zavaras,* 94 F.3d 1399, 1403 (10th Cir.1996) (under *Bounds* and *Lewis,* standing for access to court claim requires pursuit of non-frivolous claim).

Here, the court discerns no such arguable claim. Plaintiff's identification of speculative harm, that he is denied the opportunity to litigate issues regarding his arrest and extradition that he might find in the Brazilian resources, is insufficient.

Finally, plaintiff seeks a declaratory judgment that a University of Kansas clinical program unlawfully discriminated against plaintiff by denying him assistance in seeking Brazilian legal resources and claims. The court finds this claim has no factual or legal foundation, and is a legally frivolous claim.

Finding no material fact is in dispute, and finding defendant Hawk is clearly entitled to judgment as a matter of law on all of plaintiff's claims, the court grants defendant's motion for summary judgment.

IT IS THEREFORE BY THE COURT ORDERED that defendant's motion for summary judgment (Doc. 11) is granted, and that all relief sought by plaintiff is denied.

---

1. A fuller factual accounting is detailed in one of plaintiff's cases decided by another court in this District. *See Lambros v. United States,* 1997 WL 94235 (D.Kan.1997):